JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LABEL LANE INTERNATIONAL, INC., a California Corporation; ENTRY, INC., a California Corporation Individually doing business as "ALT B."; and DOES 1 THROUGH 10, <br><br> Defendants. | CASE NO.   CV 14-4054-R <br><br> ORDER GRANTING DEFENDANTS LABEL LANE INTERNATIONAL, INC. AND ENTRY, INC.'S MOTION TO DISMISS |

  Before this Court is Defendants' Motion to Dismiss First Amended Complaint, which was filed on July 18, 2014. On May 27, 2014, Plaintiff Malibu Textiles, Inc. ("Malibu"), filed a copyright infringement suit against defendants Label Lane International, Inc. ("Label") and Entry, Inc. ("Entry"). Label and Entry filed a motion to dismiss Malibu's Complaint. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 18, 2014.

  On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be

1  true and determines whether, based upon those facts, the complaint states a claim upon which
2  relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541
3  (9th Cir. 2005). To state a claim, the complaint must contain factual assertions that make the
4  claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);
5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as
6  true, the court does not accept legal conclusions as true. *Id.*

7  A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *See*
8  *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). A claim is properly
9  dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a
10 cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.
11 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d
12 910, 913 (9th Cir. 1986).

13 In a copyright case based on substantial similarity, a plaintiff must plead the "sources of
14 alleged similarity." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 2002).
15 In determining the issue of substantial similarity, courts inquire only whether the protectable
16 elements, standing alone, are substantially similar, and all non-protectable elements are filtered out
17 and disregarded. *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1077
18 (9th Cir. 2006). Expressions that are standard, stock, or common to a particular subject matter or
19 medium are not protectable under copyright law. *Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003).
20 These common ideas, first expressed by nature, are the common heritage of humankind, and no
21 artist may use copyright law to prevent others from depicting them. *Id.* at 813.

22 Malibu has failed to allege any protectable elements that are substantially similar between
23 its work and that of the Defendants. Malibu instead attempts to prevent Defendants from
24 depicting life-like expressions of a naturally occurring species of flower known as the Bengal
25 Clockvine. However, the right to display these naturally occurring flowers is common property to
26 all, and copyright law cannot be used to prevent others from depicting them.

27 Dismissal with prejudice is appropriate when further amendment would be futile.
28 *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, because Malibu

1  has failed to allege any protectable elements that are substantially similar between its work and
2  that of the Defendants, further amendment would be futile. Thus, dismissal with prejudice is
3  appropriate.
4      IT IS HEREBY ORDERED that defendants Label's and Entry's motion to dismiss is
5  GRANTED with prejudice.
6  Dated:  October 8, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE