Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LABEL LANE INTERNATIONAL, INC, a California Corporation; ENTRY, INC., a California Corporation individually doing business as "ALT B.;" and DOES 1 through 10,<br><br>Defendants. | Case No.: 14-cv-4054-R (MANx)<br>*Hon. Manuel L. Real Presiding*<br><br>PLAINTIFF'S ~~SECOND~~ THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

    MALIBU TEXTILES, INC. by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

    1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

1
~~SECOND~~ THIRD AMENDED COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a New York corporation with offices and showrooms in Vernon, California. ~~Plaintiff MALIBU TEXTILES, INC. ("Plaintiff") is a New York corporation with its principal place of business located at 49 West 37th Street, New York, NY 10018, and one of its showrooms in Vernon, CA.~~

5. Plaintiff is informed and believes and thereon alleges that Defendant LABEL LANE INTERNATIONAL, INC. ("LABEL LANE") is a California Corporation with its principal place of business located at 767 E 14th Place, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE ENTRY, INC. d/b/a "ALT B." ("ALT B") is a California Corporation doing business in and with the state of California with its principal place of business located at 766 E. 12th St. #C Los Angeles, CA 90021.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 1967 / DESIGN 1717

9. Plaintiff owns two original two-dimensional artworks used for purposes of textile printing. The first is entitled "Design 1967" and has been registered with the United States Copyright Office under registration number VA 1-159-155. The second is entitled "Design 1717," which has also been registered with the United States Copyright Office under registration number VA9230008. Design 1967 is derivative of Design 1717—essentially the same artwork with slight variations due to the production of the pattern on a 48-gauge machine (for Design 1717) versus a 36-gauge machine (for Design 1967). Design 1967 and Design 1717 are collectively referred to as the "Subject Work."

10. Plaintiff found unauthorized copies of the Subject Work on garments, including but not limited to garments being sold at Windsor retail stores under SKU 406001163810 and bearing Style number TB20317 ("Subject Product"). Plaintiff is informed and believes and thereon alleges that LABEL LANE, ALT B, and DOE Defendants provided Subject Product to Windsor.

11. The Subject Work and the design appearing on the Subject Product are strikingly similar to the point that there can be no other alternative than that Defendants accessed the Subject Work. As discussed fully below, the arrangement of

the individual elements of the Subject Work mirror exactly the elements comprising the design on the Subject Product.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by selling and distributing garments bearing a lace design that copies protectable artistic expression of the Subject Work. Specifically, the Subject Product incorporates a substantially similar (if not virtually identical) stylized rendition of a five-petal flower surrounded by curling leaves with either one or two dots inside of them, clusters of three smaller flowers with unevenly shaped leaves, and other stylized floral elements. Not only are these elements copied, but the layout and arrangement of these elements is substantially similar, if not virtually identical.

13. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

14. Due to Defendants', and each of their, acts of infringement, they have obtained ill-gotten profits they would otherwise not have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to Defendants' infringement of Subject Work in an amount to be established at trial.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have acted with knowledge and/or reckless disregard of Plaintiff's rights such that their acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

16. A representative image of one of the Subject Work and exemplars of the Subject Product are set forth hereinbelow:

| **Subject Work (1967)** | **Subject Product** |
|---|---|
|  |  |

17. The above images of the Subject Work and the Subject Product show exactly how similar the individual elements are to each other. The five-petaled flower in both images contains the exact same indentations and pattern of indentations on each of its petals. The two vine-like elements sprout from the tip of the rightmost petal and arch back toward the flower. There are similar repeating vine-like elements in the top left of the images that touch the top leftmost petal. Finally, there are a small petal and flower-like element directly above the larger five-petaled flower. The images are the same in regards to each element found therein.

| **Subject Work (1967)** | **Subject Product** |
|---|---|
|  |  |

18. These images depict three identically arranged small five-petaled flower elements. The elements are arranged exactly the same in relation to each other. The positioning of the individual petals in each element is also exactly the same in both images. There is a vine-like element protruding from the top-right corner of the images. There are leaf elements each exhibiting the same patterns in the leaves, positioning, spacing in relation to the other elements, and length in both images. Again, the design appearing on the Subject Product is a near exact facsimile of the Subject Work.

**Subject Work (1967)**     **Subject Product**

  

19. Finally, this comparison shows that the design on the Subject Product contains the exact same five-petaled floral element that appears in the Subject Work. The positioning and indentations in each of the petals of the flower are similarly copied from the Subject Work. Additionally, there are identical leaf-like elements protruding from the upper petal in the floral design bearing identical striations in their pattern and curvature. Any perceived differences between the Subject Work or the design appearing on the Subject Product can be attributed to the inferior quality of the latter's production process.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

20. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Work, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Work by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed lace bearing Subject Work.

22. More specifically, since 1998 Malibu has produced approximately 1 million yards of lace bearing the Subject Work, which it has had manufactured through over twenty mills, including numerous mills in China. Many of the mills Malibu has used are no longer in business, and Malibu is informed and believes, and thereon alleges, that the library of patterns that those mills maintained (including the Subject Work) have been acquired by other mills who have offered those patterns to customers without regard to whether those patterns were protected by copyright law. Malibu is informed and believes that Defendants have had access to the Subject Work through such a chain of events.

23. Plaintiff is informed and believes, and thereon alleges, that its customers have in turn sold garments and other products featuring the Subject Work through major international retail outlets operating in the same markets (domestically and internationally) as Defendants such that Defendants would have had access to said markets by virtue of the widespread dissemination of that lace.

1  ~~21.~~24. In addition, garments bearing unauthorized reproductions of the Subject Work have been sold and distributed internationally, as alleged in its operative pleadings in cases including, inter alia, CV14-03980, CV13-5760, CV12-5981, CV13-8299, and CV12-02581, through which companies operating in the same market as Defendants have sold infringing product. Such companies include Guess?, Inc., Victoria Secret, Jump Apparel Co., Marina, Inc., Dillard's, Inc., Ladies' Outfitters, Bon-Ton Stores, Inc., Macy's, Inc., The Wet Seal, Inc., Lord & Taylor, Inc., Love Culture, Inc., Poetry Corporation, Sentimental NY Corp., On Trend, Inc., and Newyorkdress.com, which collectively are believed to have sold hundreds of thousands of garments featuring reproductions of the Subject Work. Plaintiff is informed and believes that many of these entities are either based in Southern California like Defendants or conduct substantial business in Southern California such that Defendants, and each of them, had access to the Subject Work.

~~22.~~25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Work in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Work, or were an illegal modification thereof.

~~23.~~26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Work and by producing, distributing and/or selling Subject Products.

~~24.~~27. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

8
~~SECOND~~ THIRD AMENDED COMPLAINT

<del>25.</del><ins>28.</ins> Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Work in an amount to be established at trial.

<del>26.</del><ins>29.</ins> Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Work;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 22, 2017      By:    /s/ Stephen M. Doniger
                                                   Stephen M. Doniger, Esq.
                                                   Frank Gregory Casella, Esq.
                                                   DONIGER / BURROUGHS
                                                   Attorneys for Plaintiff

~~SECOND~~ THIRD AMENDED COMPLAINT